**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Brianna Corpening,

Plaintiff,

v.

United Services Automobile Association et al.,

Defendants.

Case No. 2:26-cv-01195-BNW

**ORDER**

Before this Court is Plaintiff's Motion to Remand, which disputes diversity jurisdiction based on diversity of citizenship and the amount in controversy. ECF No. 10. Defendants responded, ECF No. 17, and Plaintiff replied. ECF Nos. 29. For the reasons discussed below, the Court grants Plaintiff's Motion.

## I. BACKGROUND

This is an insurance case arising from Plaintiff's car accident with a third party. *See generally* ECF No. 1-2. Plaintiff was covered by an Uninsured/Underinsured Motorist ("UIM") Policy with USAA Casualty Insurance Company ("CIC") and made a claim following the accident. *Id.* at 6. Plaintiff initiated this lawsuit in state court in March 2026. ECF No. 1-2. In April 2026, Defendant CIC removed the case to federal court. *See generally* ECF No. 1. In its petition for removal, CIC argues that complete diversity exists between itself and Plaintiff, and that Defendant United States Automobile Association ("USAA") was a fraudulently joined defendant and must be disregarded for purposes of removal. *Id.* at 4. CIC also argues that the amount in controversy exceeds $75,000 exclusive of interest and costs. *Id.* at 7.

Plaintiff now asks this Court to remand the case because she argues that USAA is a Nevada citizen for diversity jurisdictional purposes and CIC has not provided sufficient evidence to meet the standard for fraudulent joinder. ECF No. 10 at 7–8. Plaintiff also requests attorneys' fees incurred as a result of the removal because USAA is a proper party to the case. *Id.* at 18.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## III. ANALYSIS

### A. Diversity of Citizenship

Plaintiff argues that both Plaintiff and USAA are Nevada residents, so there is no federal diversity jurisdiction. ECF No. 10 at 4. Plaintiff argues that "Defendant USAA is an unincorporated entity and/or a reciprocal insurance exchange, with citizenship based upon the citizenship of each of its members." *Id.* She argues that because USAA has members in Nevada, it is a Nevada resident. *Id.*

USAA argues that the citizenship of an unincorporated association is determined by its principal place of business and the law of the state under which it is organized. ECF No. 1 at 7. It argues that since USAA has its principal place of business in Texas, it is a Texas resident for jurisdictional purposes. *Id.* The case that USAA cites for its contention, *Nevada Cap. Ins. Co. v. Farmers Ins. Exch.*, No. 2:12-cv-02166-APG-CWH, 2014 WL 6882342, at * 2 (D. Nev. Dec. 14, 2014), stands for the opposition assertion. While *Nevada Cap. Ins. Co.* noted that the rule than an unincorporated association has the citizenships of all of its members has been subject to criticism,

the Court also noted that any alteration to the rule must come from Congress. *Id.* Accordingly, the Court determined that the unincorporated company at issue was a citizen of Nevada because it had at least one subscriber in Nevada. *Id.* at 3.

Here, USAA does not contest that it has members in Nevada. Thus, this Court finds that USAA is a citizen of Nevada for the purposes of diversity jurisdiction, and this Court lacks such jurisdiction over the present case unless Defendant can prove that USAA was fraudulently joined.

**B. Fraudulent Joinder**

"A civil action otherwise removable solely on the basis of the jurisdiction under Section 1332 [] may not be removed if any of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). But "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted).

Fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1209 (9th Cir. 2007). There are two ways to establish improper joinder: "(1) actual fraud in the pleadings of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal quotation marks omitted).

In its petition for removal, CIC alleges that USAA is a fraudulently joined defendant and can be disregarded for purposes of removal because Plaintiff's allegations of jurisdiction against USAA are false. ECF No. 1 at 4. CIC states the allegations in Plaintiff's complaint that USAA and CIC are alter egos of one another because (1) USAA was directly involved in the facts of the case, (2) CIC is influenced and governed by USAA, and (3) there is such unity of interest and ownership between the two that USAA and CIC are inseparable, are false. *Id.* at 5. CIC states that Plaintiff's allegations that USAA and CIC are involved in a joint venture sufficient to expose both Defendants to all policy-based contractual claims and bad-faith liability are also false. *Id.* at 6. CIC further argues that Plaintiff's allegations that CIC and USAA utilize and develop

promotional materials, issue policies, bill and collect premiums, pay and adjudicate claims, and assist in developing contractual provisions are false. *Id.* at 6.

Many courts (including those in this district) have found that the arguments CIC presents better apply to the second type of fraudulent joinder. *See e.g.*, *Yates v. United States Servs. Auto. Ass'n*, No. 25-cv-00935-ART-DJA, 2026 WL 222366, at *3 (D. Nev. Jan. 28, 2026) (challenging fraudulent joinder where a complaint alleged similar claims and applied similar facts to the present case); *see also Wilmington Trust Nat'l Ass'n v. Stewart Info. Servs., Corp.*, No. 2:21-cv-01180-CDS-VCF, 2023 WL 349573, at *2 (D. Nev. Jan. 19, 2023). As a result, this Court analyzes whether Plaintiff has established a cause of action against USAA under Nevada law. *See Hunter*, 582 at 1044.

Fraudulent joinder under the second prong of the analysis may be established "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citations omitted). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (internal quotation omitted) (emphasis added). "[This] standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Grancare, LLC. v. Thrower by and Through Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018). A defendant invoking diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden as there is a general presumption against a finding of fraudulent joinder. *Id.*

**1. Joint Venture**

Plaintiff contends that USAA and CIC are jointly liable for all claims under a theory of joint venture. ECF No. 1-2 at 3. Thus, she argues that USAA is a proper party to this litigation, and since USAA is a Nevada resident, remand is appropriate. ECF No. 10 at 10–11, 13. Defendant argues that joint venture cannot exist within a parent-subsidiary relationship like that between USAA and CIC. ECF No. 17 at 10.

Under Nevada law, a joint venture is a "contractual relationship in the nature of an informal partnership wherein two or more persons conduct some business enterprise, agreeing to share jointly, or in proportion to capital contributed, in profits and losses." *Hook v. Giuricich*, 108 Nev. 29, 31, 823 P.2d 294, 296 (1992). In *Albert H. Wohler & Co. v. Bartgis*, 114 Nev. 1249, 1263, 969 P.2d 949, 959 (1998), the Nevada Supreme Court found evidence to support a finding of joint venture included development of promotional materials, issuing policies, billing and collecting premiums, paying and adjudicating claims, and assisting in development of contractual provisions.

Here, Plaintiff's complaint alleges that USAA and CIC utilize and develop promotional materials, issue policies, bill and collect premiums, pay and adjudicate claims and assist in development of contractual provisions without any separation by entity. ECF No. 1-2 at 2. It also alleges, among other things, that USAA's logo appears on CIC's materials, that USAA adjusted her claim, that all communications came from a USAA email address, and that USAA offered to resolve Plaintiff's claim. *Id.* at 3. Though USAA may not be the insurer, and thus not a party to the contract, "under Nevada law it is possible that USAA can be found to be involved in a joint venture with the insurer and liable to [Plaintiff] as alleged in the complaint." *Barbier v. United States Servs. Auto. Ass'n.*, No. 2:20-cv-00561-KJD-EJY, 2021 WL 694809, at *2 (D. Nev. Feb. 23, 2021); *Yates v. United States Servs. Auto. Ass'n*, No. 25-cv-00935-ART-DJA, 2026 WL 222366, at *3 (D. Nev. Jan. 28, 2026).[1]

**2. Alter Ego**

Alternatively, Plaintiff contends that CIC and USAA are alter egos of each other. *Id.* at 2. Defendant argues that Plaintiff's allegations describe corporate coordination rather than alter ego.

[1] Although Defendants argue that a parent-subsidiary relationship requires something "eccentric to the norms of corporate behavior" to be treated as a joint venture, Defendants only cite to other states' caselaw to support their assertion. The relevant test here is whether it is possible that *Nevada* courts could possibly find that the complaint states a cause of action against any of the resident defendants. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Since Defendants fail to show that Nevada law imposes such a requirement, they do not meet their burden to establish fraudulent joinder on the basis of Plaintiff's joint-venture theory.

ECF No. 17 at 14. Defendant also argues that Plaintiff's alter ego allegations are conclusory, and as such are not entitled to the presumption of truth. *Id.* at 13.

In order for a plaintiff to "pierce the corporate veil" under Nevada law, a plaintiff must allege: "(1) [t]he corporation is influenced and governed by [its alleged alter ego]; (2) [t]here is such unity of interest and ownership that the corporation and [its alleged alter ego] are inseparable from each other; and (3) [a]dherence to the corporate fiction of a separate entity would sanction fraud or promote manifest injustice." Nev. Rev. Stat. § 78.747(2). The Nevada Supreme Court in *Polaris Indus. Corp. v. Kaplan*, 103 Nev. 598, 601–602, 747 P.2d 884, 887 (1987) noted that in determining whether of unity of interest exists such that it is indicative of an alter ego relationship, courts look to factors like co-mingling of funds, undercapitalization, unauthorized diversion of funds, and failure to observe corporate formalities. While the *Polaris* Court observed that these factors are not conclusive, it also noted "there is no litmus test for determining when the corporate fiction should be disregarded" and the result depends on the circumstances of the case. *Id.* at 602, 747 P.2d at 887.

Here, Plaintiff alleges, among other things, that USAA and CIC were alter egos of one another because of their combined use of corporate assets, comingling of assets, inadequate capitalization at the time of incorporation, and being controlled by a single executive counsel.[2] ECF No. 1-2 at 3. Because Plaintiff alleged facts that could indicate an alter ego relationship, it is possible that USAA can be found to be in an alter ego relationship with the insurer and liable to Plaintiff.

[2] Defendant points to the Court's decision in *Johnson v. United Servs. Auto. Ass'n.*, 2:22-cv-532-JCM-DJA, 2022 WL 2134492, at *3 (D. Nev. June 13, 2022) to support its opposition to remand, but the complaint in *Johnson* only alleged that USAA and CIC were alter egos of one another. The Court found this plain statement to be conclusory. *Id.* Conversely, Plaintiff's complaint in the present case provides more detailed factual allegations.

Since USAA could be determined to be liable to Plaintiff under Nevada law under either a theory of joint venture or alter ego liability, this Court finds that Plaintiff has presented enough evidence to warrant remand.[3]

**C. Attorney Fees**

Plaintiff also requests that this Court award attorney's gees for the fees and costs incurred to remand the action. ECF No. 10 at 16. "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 552 (9th Cir. 2018). CIC's argument for removal does not lack an objectively reasonable basis. CIC had reason to believe that USAA was fraudulently joined because USAA is not Plaintiff's insurer and generally "no one 'is liable upon a contract except those who are parties to it.'" *Albert H. Wohler & Co. v. Bartgis*, 114 Nev. 1249, 1263, 969 P.2d 949, 959 (1998) (quoting *Cnty. of Clark v. Bonanza No. 1*, 96 Nev. 643, 648–49, 615 P.2d 939, 943 (1980)). This case may involve an exception to the general rule. Thus, it was reasonable to assume diversity jurisdiction was present and this Court denies an award of attorney's fees.

//

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is **GRANTED**. This action is remanded to the Eighth Judicial District Court in Clark County, Nevada.

**IT IS FURTHER ORDERED** that Defendant USAA Casualty Insurance Company's Motion to Dismiss (ECF No. 7) is **DENIED** as moot.

---

[3] Because "only a single viable claim is necessary to defeat fraudulent joinder", this Court does not address CIC's arguments regarding Plaintiff's third-party adjuster theory as it pertains to her breach of the implied covenant of good faith and fair dealing claim. *Xie v. Wal-Mart Assocs.,* No. 25-cv-00091-HSG, 2025 WL 1135082, at *3 (N.D. Cal. Apr. 17, 2025). Additionally, because USAA is a Nevada citizen for diversity purposes, diversity jurisdiction is destroyed, and this Court need not address Defendants' arguments regarding the amount in controversy.

**IT IS FURTHER ORDERED** that Defendant United Services Automobile Association's Motion to Dismiss (ECF No. 8) is **DENIED** as moot.

DATED this 28th day of September 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE